FRANSON, J.
I concur fully in the principal opinion. The question is not the economic needs or constitutional rights of lawyers—it is whether an indigent prisoner’s constitutional right of access to the courts in a civil case will be significantly impeded if his counsel is not paid from public funds. Only if it is demonstrated that this is so does the right to compensation achieve a constitutional dimension. I submit that this is not the case.
Far more than the public realizes, the legal profession has responded magnificently over the years to the lawyer’s ethical mandate “[n]ever to reject, for any consideration personal to himself, the cause of the defenseless or the oppressed.” (Bus. & Prof. Code, § 6068, subd. (h).) Moreover, the State Bar Board of Governors recently has applied for a federal grant to provide civil legal assistance to indigent prisoners in California. If approved, the prison legal services program will be headquartered in San Francisco with eight field offices near prisons and will provide legal assistance to about 4,000 prisoners annually. (Los Angeles Daily Journal (June 12, 1978) p. 1, col. 7.) Thus, there is no compelling need to create a constitutional power in the court to order payment to counsel from public funds. It remains solely a matter for the Legislature.
Furthermore, the impact on the public treasury should be considered. If a court has the constitutional power to order compensation to counsel for defending indigent prisoners in civil actions, it will be just a matter of time before counsel will be entitled to payment from public funds for initiating civil actions on behalf of prisoners. (See Pen. Code, § 2601, subd. (e).) If indigent prisoners are entitled to counsel paid from public funds, why are indigent citizens of good standing in the community not also entitled to such counsel? Such far-reaching decisions involving the *198 expenditure of public monies should be made by our elected representatives and not the courts.